FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2017 JUN 19  AM 9: 39

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

SHAWN MCDOLE, an individual,

    Plaintiff,

v.

WHITESELL INTERNATIONAL, INC., a Florida corporation,

    Defendant.

CIVIL ACTION

Case No. 2:17-cv-338-F(M-99CM

Judge:

Mag. Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **SHAWN MCDOLE** ("McDole" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

### CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA), Americans with Disabilities Act (ADAAA), Age Discrimination in Employment Act (ADEA), the Florida Civil Rights Act (FCRA) for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) disability discrimination in violation of the ADAAA, (4) disability discrimination in violation of the FCRA, (5) retaliation violation of the ADAAA, and (5) retaliation in violation of the FCRA.

### PARTIES

2. The Plaintiff, **SHAWN MCDOLE** ("MCDOLE") is an individual and a resident of Florida who currently resides, and at all material times resided, in Collier County, Florida.

1

3. Defendant, **WHITESELL INTERNATIONAL, INC.** ("**WHITESELL**") is a Florida corporation with a principal place of business located in Naples, Florida. **WHITESELL** employed **MCDOLE**.

4. At all material times, **WHITESELL** employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6. This Court has supplemental jurisdiction over **MCDOLE**'s state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in Collier County, and **WHITESELL** conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Collier County is within the Fort Myers Division.

8. **MCDOLE** received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on April 3, 2017 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.)

## GENERAL ALLEGATIONS

9. **MCDOLE** began his employment with **WHITESELL** on April 28, 2014 and was employed as a group director of finance.

10. **MCDOLE** was born in 1955 and thus was well over the age of 40 at the time of his termination from **WHITESELL**.

11. **MCDOLE** always performed his assigned duties in a professional manner and was very well qualified for his position.

12. **MCDOLE** always met and exceeded performance goals.

13. When **MCDOLE** was initially being interviewed, **WHITESELL** immediately informed him that his age may pose a concern.

14. Specifically, **MCDOLE** was informed that **WHITESELL** was not planning on hiring someone of my age.

15. Notwithstanding his age, **MCDOLE** was hired and immediately excelled at his position.

16. However, **MCDOLE**'s direct supervisor (who was much younger than **MCDOLE**) began referring to him constantly as an "old man" and other negative discriminatory comments.

17. Beginning in May 2015, **MCDOLE** began being subjected to discrimination on the basis of his age and disability, which caused **MCDOLE** to develop depression.

18. **MCDOLE** remained a qualified person with a disability as he has an impairment of the mental-emotional system, specifically depression, which limits his ability to perform certain major life activities, including working, thinking, coping and sleeping.

19. **MCDOLE** has a history of these impairments that limits major bodily functions and several major life activities. **MCDOLE**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

20. Thereafter, the same supervisor maintained his harassment and told **MCDOLE** that if **MCDOLE** was under stress that he should just quit.

21. After **MCDOLE** refused to resign, the supervisor ramped up the harassment and then discriminated against **MCDOLE** by concocting a pretextual basis for terminating his

employment and then replacing him with two less-qualified persons under the age of 40 without known disabilities.

22. At all material times, **WHITESELL** was aware of **MCDOLE**'s age and disability and, consequently, his protected classes, which are the basis for its discriminatory employment practices toward him.

23. **WHITESELL** did not follow its progressive discipline policy in regard to **MCDOLE**.

## COUNT I – VIOLATION OF THE ADEA

24. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

25. **MCDOLE** was an employee and **WHITESELL** was his employer covered by and within the meaning of the ADEA.

26. **MCDOLE** is a member of the protected age class (over the age of 40).

27. **MCDOLE** was well qualified for the positions he held with **WHITESELL**.

28. Despite his qualifications, **MCDOLE** has suffered adverse employment action in the form of termination.

29. A younger person under the age of forty (40) with inferior qualifications and performance replaced **MCDOLE**.

30. **WHITESELL** sought applicants for the same positions that **MCDOLE** applied for who were outside of **MCDOLE**'s protected class.

31. **WHITESELL** has discriminated against **MCDOLE** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

32. **WHITESELL** engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **MCDOLE** because of his age.

33. **WHITESELL**'s violations of the law were knowing and willful.

34. A causal connection exists between **MCDOLE**'s age and his termination.

35. As a result of the above-described violations of the ADEA, **MCDOLE** has been damaged by **WHITESELL** in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

36. **MCDOLE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

37. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

38. **MCDOLE** was an employee and **WHITESELL** was his employer covered by and within the meaning of the FCRA.

39. **MCDOLE** is a member of the protected age class (over the age of 40).

40. **MCDOLE** was well qualified for the positions he held with **WHITESELL**.

41. Despite his qualifications, **MCDOLE** has suffered adverse employment action in the form of termination.

42. A younger person with inferior qualifications and performance replaced **MCDOLE**.

43. **WHITESELL** sought applicants for the same positions that **MCDOLE** applied for who were outside of **MCDOLE**'s protected class.

44. **WHITESELL** has discriminated against **MCDOLE** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

45. **WHITESELL** engaged in unlawful employment practices in violation of the FCRA by terminating **MCDOLE** because of his age.

46. **WHITESELL**'s violations of the law were knowing and willful.

47. A causal connection exists between **MCDOLE**'s age and his termination.

48. As a result of the above-described violations of the FCRA, **MCDOLE** has been damaged by **WHITESELL** in the nature of lost wages, salary, employment benefits,

mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

49. **MCDOLE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

50. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

51. At all relevant times, **MCDOLE** was an individual with a disability within the meaning of the ADAAA.

52. Specifically, **MCDOLE** has physical impairments that substantially limit one or more of his major life activities and bodily functions, has a record of the impairment, and is regarded by **WHITESELL** as having such impairments.

53. **MCDOLE** is a qualified individual with disabilities as that term is defined in the ADAAA.

54. **MCDOLE** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of his job with **WHITESELL**.

55. At all material times, **MCDOLE** was an employee and **WHITESELL** was his employer covered by and within the meaning of the ADAAA.

56. **WHITESELL** was made aware and was aware of **MCDOLE**'s disabilities, which qualify under the ADAAA.

57. **WHITESELL** discriminated against **MCDOLE** with respect to his terms, conditions, and privileges of employment because of his disabilities.

58. **WHITESELL** conducted itself with malice or with reckless indifference to **MCDOLE**'s federally protected rights.

59. **WHITESELL** discriminated against **MCDOLE** in violation of the ADAAA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

60. The conduct of **WHITESELL** altered the terms and conditions of **MCDOLE**'s employment and **MCDOLE** suffered negative employment action in the form of discipline and termination.

61. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MCDOLE** has lost all of the benefits and privileges of his employment and has

been substantially and significantly injured in his career path that was anticipated from his employment.

62. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCDOLE** is entitled to all relief necessary to make him whole.

63. As a direct and proximate result of **WHITESELL**'s actions, **MCDOLE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64. **MCDOLE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

### COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

65. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

66. At all relevant times, **MCDOLE** was an individual with a disability within the meaning of the FCRA.

67. Specifically, **MCDOLE** has physical impairments that substantially limit one or more of his major life activities, has a record of the impairment, and is regarded by **WHITESELL** as having such impairments.

68. **MCDOLE** is a qualified individual with disabilities as that term is defined in the FCRA.

69. **MCDOLE** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of his own job with **WHITESELL**.

70. At all material times, **MCDOLE** was an employee and **WHITESELL** was his employer covered by and within the meaning of the FCRA.

71. **WHITESELL** was made aware and was aware of **MCDOLE**'s disabilities, which qualify under the FCRA.

72. **WHITESELL** discriminated against **MCDOLE** with respect to his terms, conditions, and privileges of employment because of his disabilities.

73. **WHITESELL** conducted itself with malice or with reckless indifference to **MCDOLE**'s protected rights under Florida law.

74. **WHITESELL** discriminated against **MCDOLE** in violation of the FCRA by interfering with his enjoyment of all benefits, privileges, terms, and conditions of his employment.

75. The conduct of **WHITESELL** altered the terms and conditions of **MCDOLE**'s employment and **MCDOLE** suffered negative employment action in the form of discipline and termination.

76. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MCDOLE** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

77. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCDOLE** is entitled to all relief necessary to make him whole.

78. As a direct and proximate result of **WHITESELL**'s actions, **MCDOLE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

79. **MCDOLE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF THE ADAAA- RETALIATION

80. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

81. **MCDOLE** is a person with a disability and, as such, is a member of a protected class.

82. At all material times, **MCDOLE** was an employee and **WHITESELL** was his employer covered by and within the meaning of the ADAAA.

83. **MCDOLE** was qualified for the positions that he held with **WHITESELL**.

84. Following **MCDOLE**'s objection to disability discrimination, **WHITESELL** retaliated by altering the terms and conditions of his employment by terminating **MCDOLE**.

85. **MCDOLE**'s objection to disability discrimination constitute a protected activity because such requests were in furtherance of rights secured to him by law.

86. Said protected activity was the proximate cause of **WHITESELL**'s negative employment actions against **MCDOLE** including changed working conditions, discipline, and ultimately termination.

87. Instead of granting reasonable accommodations, **WHITESELL** retaliated against **MCDOLE** via changed working conditions, discipline, and termination.

88. The acts, failures to act, practices and policies of **WHITESELL** set forth above constitute retaliation in violation of the ADAAA.

89. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **MCDOLE** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

90. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCDOLE** is entitled to all relief necessary to make him whole as provided for under the ADAAA.

91. As a direct and proximate result of **WHITESELL**'s actions, **MCDOLE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

92. **MCDOLE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## **COUNT VI – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION**

93. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

94. **MCDOLE** is a person with a disability and, as such, is a member of a protected class.

95. At all material times, **MCDOLE** was an employee and **WHITESELL** was his employer covered by and within the meaning of the FCRA.

96. **MCDOLE** was qualified for the positions that he held with **WHITESELL**.

97. Following **MCDOLE**'s objection to disability discrimination, **WHITESELL** retaliated by altering the terms and conditions of his employment by terminating **MCDOLE**.

98. **MCDOLE**'s objection to disability discrimination constitutes a protected activity because such requests were in furtherance of rights secured to him by law.

99. Said protected activity was the proximate cause of **WHITESELL**'s negative employment actions against **MCDOLE** including changed working conditions, discipline, and ultimately termination.

100. Instead of granting reasonable accommodations, **WHITESELL** retaliated against **MCDOLE** via changed working conditions, discipline, and termination.

101. The acts, failures to act, practices and policies of **WHITESELL** set forth above constitute retaliation in violation of the FCRA.

102. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **MCDOLE** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

103. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **MCDOLE** is entitled to all relief necessary to make him whole as provided for under the FCRA.

104. As a direct and proximate result of **WHITESELL**'s actions, **MCDOLE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

105. **MCDOLE** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: June 6, 2017

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road

Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com