**UNTIED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

SHAWN MCDOLE, Individually,

        Plaintiff,

vs.

WHITESELL INTERNATIONAL, INC., a
Florida Corporation,

        Defendant.

_____/

CASE NO.   2:17-CV-338-FTM-99CM

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COME NOW, Defendant, WHITESELL INTERNATIONAL, INC. ("Whitesell" or the "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and responds as follows:

1.    Admitted that Plaintiff purports to state a claim; otherwise denied.

2.    Without knowledge, therefore denied.

3.    Admitted.

4.    Admitted.

### JURISDICTION AND VENUE

5.    Admitted for jurisdictional purposes only; otherwise denied.

6.    Admitted for jurisdictional purposes only; otherwise denied.

7.    Admitted for venue purposes only; otherwise denied.

8.    Without knowledge and therefore denied.

9.    Admitted that Plaintiff was hired on or about April 28, 2014, but otherwise denied.

10.     Without knowledge, therefore denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Admitted that Plaintiff was hired, otherwise denied.

16.     Denied.

17.     Denied.

18.     Without knowledge, therefore denied.

19.     Without knowledge, therefore denied.

20.     Denied.

21.     Denied.

22.     Admitted that Whitesell was aware of Plaintiff's represented age, otherwise
        denied.

23.     Denied.

## COUNT—VIOLATION OF THE ADEA

24.     Defendant incorporates by reference its responses to paragraphs 1-23 herein.

25.     This allegation contains legal conclusions to which no response is required.

26.     Admitted.

27.     Denied.

28.     Admitted that Plaintiff's employment relationship with Whitesell was terminated
        on April 21st, 2016; otherwise denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Without knowledge and therefore denied.

## COUNT II—VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT—AGE DISCRIMINATION

37.     Defendant incorporates by reference its responses to paragraphs 1-23 herein.

38.     This allegation contains legal conclusions to which no response is required.

39.     Admitted.

40.     Denied.

41.     Admitted that Plaintiff's employment relationship with Whitesell was terminated
        on April 21st, 2016; otherwise denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Without knowledge and therefore denied.

## COUNT III—VIOLATIONOF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

50.     Defendant incorporates by reference its responses to paragraphs 1-23 herein.

51.     Without knowledge and therefore denied.

52.     Without knowledge and therefore denied.

53.     Without knowledge and therefore denied.

54.     Without knowledge, therefore denied.

55.     This allegation contains legal conclusions to which no answer is required.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Without knowledge and therefore denied.

## COUNT IV—VIOLATION OF THE FLOIRDA CIVIL RIGHTS ACT—DISABILITY DISCRIMINATION

65.     Defendant incorporates by reference its responses to paragraphs 1-23 herein.

66.     Without knowledge and therefore denied.

67.     Without knowledge and therefore denied.

68.     Without knowledge and therefore denied.

69.     Without knowledge, therefore denied.

70.     This allegation contains legal conclusions to which no answer is required.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Without knowledge and therefore denied.

### COUNT V—VIOLATION OF THE ADAAA—RETALIATION

80.     Defendant incorporates by reference its responses to paragraphs 1-23 herein.

81.     Without knowledge and therefore denied.

82.     This allegation contains legal conclusions to which no answer is required.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Without knowledge and therefore denied.

## COUNT VI—VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992--RETALIATION

93.     Defendant incorporates by reference its responses to paragraphs 1-23 herein.

94.     Without knowledge and therefore denied.

95.     This allegation contains legal conclusions to which no answer is required.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Without knowledge and therefore denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted, and to the extent of same, Plaintiff is barred from recovery.

2.      Plaintiff's right to recover damages is barred, in whole or in part, by his failure to take reasonable steps to mitigate such damages, if any.

3.      Plaintiff's claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

4.      Whitesell is entitled to a setoff for any compensation and benefits payable to Plaintiff for the damages claimed.

5.      Plaintiff's claims are barred, or the damages following therefrom reduced, because Plaintiff failed to notify Whitesell of the alleged statutory violations at the time such violations allegedly occurred, which prevented Whitesell from taking any action to remedy such alleged violations.

6.      Plaintiff's damages, if any, are due in whole or in part to the actions of Plaintiff, third parties, and/or events beyond the control of Whitesell such that Whitesell has no liability or their share of any liability should be limited.

7.      Plaintiff is not a qualified individual with a disability as defined by federal law.

8.      To the extent that a reasonable accommodation could not be made, Whitesell specifically pleads the affirmative defense of undue hardship.

9.      Plaintiff's claims are barred to the extent that he failed to control a controllable disability.

10.      All or some of Plaintiff's claims may be barred, in whole or in part, because Whitesell exercised reasonable care and adopted and maintained effective policies and procedures to prevent and correct promptly any purportedly discriminatory behavior in the workplace.   To the extent that Plaintiff unreasonably failed to utilize these policies and procedures or failed to take advantage of any preventative or corrective opportunities provided by Whitesell or to otherwise to avoid harm, Plaintiff's claims, or portions thereof, including any claims for punitive damages, may be barred.

9.      Some of Plaintiff's claims may be barred or limited, in whole or in part, by the doctrine of after-acquired evidence.

10.      All personnel actions affecting Plaintiff's employment were based on legitimate, non-discriminatory business reasons.

11.      The acts or omissions of which Plaintiff complains, which Whitesell denies, were and continue to be in good faith and with reasonable ground for believing that such acts or omissions were and are not in violation of the Florida Civil Rights Act ("FCHR"), Americans with Disabilities Act ("ADA"), Age Discrimination in Employment Act ("ADEA"), or the Family and Medical Leave Act ("FMLA").

12.      Whitesell reserves the right to assert further defenses as they become evident through discovery or investigation.

WHEREFORE, Defendant, WHITESELL INTERNATIONAL, INC., respectfully requests judgment against Plaintiff, recovery of its reasonable attorney's fees and costs incurred in defending this matter, and any other relief deemed necessary in the interests of justice.


Respectfully submitted,

 /s/ Denise Wheeler Wright
DENISE WHEELER WRIGHT
Florida Bar No. 17809
1514 Broadway, Suite 203
Fort Myers, FL 33901
Telephone: 239-314-2280
Facsimile:  239-314-2281
dwheeeler@fordharrison.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been electronically filed by using the CM/ECF System on this 24th day of August, 2017.

By: /s/ Denise Wheeler Wright
DENISE WHEELER WRIGHT